### In the Matter of Julia E. DIMICK, Respondent.

### No. 49S00–1107–DI–455.

Supreme Court of Indiana.

May 25, 2012.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** A couple holding themselves out as husband and wife were plaintiffs in a trade defamation suit, which settled for $10,000. After their attorneys withdrew, the husband asked attorney "SAB" to assist in completing the settlement. When the paperwork was completed, the $10,000 was applied to a debt the husband owed to SAB on an unrelated matter. SAB believed that the husband and wife had discussed that matter and that the wife had no objection to this payment.

The wife later filed for divorce. SAB entered his appearance for the husband

and moved to dismiss, alleging the parties were not lawfully married. While the divorce proceeding was still pending (it was eventually dismissed), the wife retained Respondent regarding a potential claim against SAB for the handling of the settlement funds. Respondent sent SAB a letter alleging professional misconduct, including having a conflict of interest barring him from representing the husband, lack of candor, and conversion of the settlement funds. The letter gave SAB a "window of opportunity" to resolve the matter. Respondent stated that if she did not hear from him within that time, "I will file [the wife's] claims with the Indiana Disciplinary Commission and in state court." Thus, the letter implied that Respondent would file a grievance against SAB unless SAB made a settlement offer.

The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; and (2) Respondent was cooperative with the Commission.

**Violation:** The parties agree that by using the threat of reporting professional misconduct to obtain a settlement proposal in a prospective civil action, Respondent violated Indiana Professional Conduct Rule 8.4(d), which prohibits engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.